# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOSEPH WOOD, SR.,                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    1:10CV509
                                   )
DURHAM COUNTY BOARD OF EDUCATION,  )
TIM GIBSON, (in his individual and )
official capacity as Principal     )
Easley Elementary School),         )
                                   )
          Defendants.              )
```

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Joseph Wood, Sr.'s Motion for Remand to Durham County Superior Court (Docket Entry 8). For the reasons stated herein, the Motion shall be granted in part and denied in part.[1]

## I. BACKGROUND

On May 28, 2010, Wood filed his Complaint in the General Court of Justice, Superior Court Division, Durham County, North Carolina. (Docket Entry 4 at 1.) The Complaint named as Defendants the Durham County Board of Education (the "Board") and Tim Gibson (collectively with the Board,"Defendants"). (Id.) The six-count Complaint alleged the following causes of action: (1) "Defamation of Plaintiff by [the Board]" (id., ¶¶ 45-51); (2) "Defamation of Plaintiff by Tim Gibson" (id., ¶¶ 52-58); (3) "Violation of State and <u>Federal Special Education Law</u> Requiring Parental Notification

---

[1] For the reasons stated in <u>Thomas v. North Carolina</u>, No. 1:10CV226, 2010 WL 2176075 at *6-8 (M.D.N.C. May 21, 2010) (unpublished), the undersigned United States Magistrate Judge disposes of this matter by order, rather than by recommendation.

and Meaningful Participation" (id., ¶¶ 59-62 (emphasis added)); (4) "Violation of School Improvement Plan Requiring Parental Involvement" (id., ¶¶ 63-67); (5) "Violation of [the Board's] Policy No. 4800 et seq., and Fundamental Fairness & Due Process of Law" (id., ¶¶ 68-72); and (6) "Violation of the Americans with Disabilities Act" (id., ¶¶ 73-77 (emphasis added)).

In the third count, Wood alleged: "Defendants . . . violated N.C. Gen. Stat. § 115C-107.6, IDEA [Individuals with Disabilities Education Act], and N.C. Gen. Stat. § 115C-109.3 . . . ." (Id., ¶ 60 (emphasis added).) The fifth count alleged: "Defendants . . . violated [the Board's] Policy No. 4800, as well as the Law of the Land Clause pursuant to the NC Constitution and the 14th Amendment to the United States Constitution . . . ." (Id., ¶ 69 (emphasis added).) The sixth claim alleged in its entirety that:

> 73. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 72 above.
>
> 74. Defendants Gibson and [the Board] have violated Plaintiff's right to equal protection and participation in public accommodations consistent with the Americans with Disabilities Act [(the "ADA")] as promulgated in 1990 and amended in 2008, pursuant to 42 U.S.C. § 12132 et seq.
>
> 75. Defendants Gibson and [the Board] have regarded Plaintiff as having such an impairment or disability, namely a mental illness pursuant to Sec. 12132, yet have refused to make reasonable accommodations for him to participate in the education of his minor children like other similarly situated parents.
>
> 76. Plaintiff is a qualified individual pursuant to the ADA with a disability and/or is perceived to have a disability and Defendants Gibson and [the Board], by reason of such disability and/or perceived disability, have excluded him from participation in

>     or denied him the benefits of services, programs,
>     or activities of the [Board], or otherwise
>     subjected him to discrimination during the academic
>     years 2007-2008, 2008-2009, and 2009-2010.
>
> 77. Said discrimination has harmed Plaintiff, resulting
>     in damages in excess of $10,000.

(Id., ¶ 74-77 (emphasis added).)

Defendants were served with the Complaint on June 7, 2010. (Docket Entry 1 at 1.) On July 6, 2010, they filed a Notice of Removal asserting that this Court had Federal Question jurisdiction, 28 U.S.C. § 1331, over this action, because the Complaint alleged "violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the [IDEA] . . . and the [ADA][.]" (Id. at 1-2). They also filed a motion to extend their time to answer or to respond to the Complaint until August 12, 2010 (Docket Entry 3 at 2), which the Clerk of Court subsequently granted (see Docket Entry for July 6, 2010).

On July 20, 2010, Wood filed his Motion for Leave to File an Amended Complaint (Docket Entry 7 at 3) and, on July 23, 2010, he filed his Motion to Remand (Docket Entry 8 at 3). On August 3, 2010, the parties filed a Stipulation agreeing that Defendants should have 14 days after an adjudication on Wood's request for leave in order to answer the Complaint or any amended complaint. (Docket Entry 9 at 2.) On January 24, 2011, the undersigned United States Magistrate Judge granted Wood's Motion for Leave to File an Amended Complaint (Docket Entry 7), and deferred ruling on his Motion to Remand (Docket Entry 8) until the Amended Complaint was filed. (Docket Entry 11 at 5.)

On January 27, 2011, Wood filed his Amended Complaint. (Docket Entry 12.) The six-count Amended Complaint's first, second and fourth causes of action are virtually identical to the Complaint. (Id., ¶¶ 45-58, 63-67.) The Amended Complaint re-characterized the third, fifth and sixth causes of action, including by removing the references to federal law. (Id., ¶¶ 59-62, 68-72, and 73-77.)

On January 28, 2011, the parties filed an Amended Stipulation in which they agreed that Defendants should have 14 days after an adjudication on Wood's Motion to Remand to answer the Amended Complaint. (Docket Entry 13 at 2.)

## II. DISCUSSION

Wood "requests that an order be entered remanding this action back to Durham Country Superior Court . . ., and that plaintiff be award [sic] reasonable costs and attorney fees associated with the prosecution of this remand." (Docket Entry 8 at 3.)[2]

A. Remand

1. Standard for a Motion to Remand

"The burden of demonstrating jurisdiction resides with the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811,

---

[2] Defendants have not responded to the motion. (See Docket Entries from Aug. 4, 2010, to present.) The Court's Local Rules provide that, "If a respondent fails to file a response within the time required by this [M.D.N.C. R. 7.3], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. R. 7.3(k). Nevertheless, the Court proceeds with additional analysis in light of the preference for merits-based resolution of claims. See United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits . . . .").

816 (4th Cir. 2004) (en banc) (internal quotation marks omitted). A court "construe[s] removal jurisdiction strictly because of the significant federalism concerns implicated." Id. (internal quotation marks omitted). If a court determines that federal jurisdiction is doubtful, then it must remand the action to state court. Id.

If a district court has original jurisdiction of a state court case, i.e., the case could have originally been filed in district court, then a defendant may remove that state court case to the district court embracing the place where the action is pending "[e]xcept as otherwise provided." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions involving diverse parties "where the amount in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332. The district court's original subject matter jurisdiction also includes federal question claims: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A court unquestionably has federal subject matter jurisdiction "in cases where federal law creates the cause of action." Dixon, 369 F.3d at 816 (emphasis and internal quotation marks omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987). "[T]he plaintiff is the master of his complaint and generally [the well-pleaded complaint rule] permits plaintiffs to avoid federal jurisdiction by exclusive reliance on state law." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996) (internal quotation marks omitted). The "artful pleading doctrine" is an "independent corollary" to the well-pleaded complaint rule. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). This doctrine allows removal of cases to the district court "even though no federal question appears on the face of plaintiff's complaint" if a plaintiff omits "pleading necessary federal questions" or if "federal law completely preempts a plaintiff's state-law claim." Id. Accord Advanced Sterilizer Dev. and Design, Inc. v. Roadway Express, Inc., No. 1:02CV285, 2002 U.S. Dist. LEXIS 24380, at *4 (M.D.N.C. Aug. 21, 2002) (Beaty, J.) (unpublished).

2. Analysis

Wood argues that "there are no federal questions on the face of the amended complaint." (Docket Entry 10 at 4.) The Amended Complaint identifies non-diverse parties (see Docket Entry 12, ¶¶ 1, 4, 6), thus only the existence of a federal question or some other specific statutory grant of authority to the federal courts can sustain this Court's exercise of subject matter jurisdiction, see 28 U.S.C. §§ 1331-1369. Defendants filed their Notice of Removal arguing that: "This action arises under federal law in that the Complaint alleges violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the [IDEA], 20 U.S.C. § 1400 *et seq.*, and the [ADA], 42 U.S.C. § 12132 *et seq.*"

-6-

(Docket Entry 1, ¶ 4 (emphasis in original).)  The Amended Complaint, however, eliminates references those federal laws (the Fourteenth Amendment, the IDEA, and the ADA) (Compare Docket Entry 4, ¶¶ 60, 69, 74, 76; with Docket Entry 12, ¶¶ 60, 69, 74, 76), and alleges six claims based only on state law (see Docket Entry 12, ¶¶ 45-77).

When a plaintiff makes post-removal amendments to a complaint, "which have the effect of eliminating federal questions," a federal court is not divested of subject matter jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004) (citing Brown v. Eastern States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950)). Under such circumstances, a federal court, nevertheless, may decline to exercise supplemental jurisdiction over the state claims and may remand the case to state court. Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988)). More specifically, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate" after considering "the principles of economy, convenience, fairness, and comity[.]" Carnegie-Mellon Univ., 484 U.S. at 357. This Court has found that, in cases such as this one, where, in an early stage of litigation, a plaintiff has eliminated federal causes of action and the remaining claims arise under state law, a remand to state court best serves those considerations. See Dominion Healthcare Servs., Inc. v. Value Options, Inc., No. 1:08CV134, 2009 WL 580326, at *5

-7-

(M.D.N.C. Mar. 5, 2009) (unpublished) (Beaty, C.J.) (citing Carnegie-Mellon Univ., 484 U.S. at 350 n.7).

Accordingly, the Court shall exercise its discretion to remand this action to state court.[3]

### B. Attorney's Fees and Costs

#### 1. Standard for Awarding Attorney's Fees and Costs

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). As a result, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. However, a party seeking fees need not demonstrate bad faith by the removing party. See Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz, 686 F. Supp. 2d 579, 589 (M.D.N.C. 2010) ("[B]ad faith is not required to award fees [under § 1447(c)].").

#### 2. Analysis

Wood admits that "a federal question appears on the face of the original complaint before this Court[.]" (Docket Entry 10 at 3.) The Complaint asserted a sixth count based entirely on federal

---

[3] This determination obviates any need to address in this subsection Wood's other arguments in support of remand (see Docket Entry 10 at 3-7).

law and two counts (the third and fifth) premised in part on federal law. (See Docket Entry 4, ¶¶ 60, 69, 74, 76.) Thus, Defendants had an "objectively reasonable basis for seeking removal[,]" Martin, 546 U.S. at 141. Wood, nonetheless, argues that Defendants improperly removed the case:

> [T]he Court lacked federal subject matter jurisdiction due to the fact that the federal claims were auxiliary, and alternatively, if the Court accepts the amended complaint, defendants lack federal subject matter jurisdiction for failure to meet 28 U.S.C. §§ 1331 or 1332.

(Docket Entry 10 at 7 (emphasis added).)

### a. "Auxiliary" Federal Claims

Wood asserts that removal was improper, because "the federal claims were auxiliary" (Docket Entry 10 at 7), and appears to make three arguments in this regard (see id. at 3-7).[4] First, he argues that the Complaint "does not sufficiently assert federal claims that predominate over the state claims." (Docket Entry 10 at 3.) Second, he asserts that "theories of federal law . . . supplement and enhance the complaint whereas questions of state law

---

[4] In the section of Wood's argument titled "Request for Attorney Fees," he does not cite authority or cross-reference the other section of his argument titled "Grounds for Remand." (See Docket Entry 10 at 7-8.) Nevertheless, the section titled "Grounds for Remand" includes arguments related to whether his federal claims are auxiliary to the state claims (see id. at 3-7).

-9-

predominate and lead the complaint . . . ." (Id. at 4.)[5]  Third, he contends that:

> Pursuant to 28 U.S.C. § 1367, federal judicial policy is such that a district court shall decline to exercise supplemental jurisdiction over cases which present novel and complex issues of state law; [or] where the district has dismissed all causes of action over which it has original jurisdiction . . . .

(Id. at 6.)

In support of his first and second arguments, he cites Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 152-53 (4th Cir. 1994), and Dixon, 369 F.3d at 812. (Docket Entry 10 at 3 & 5.) In Mulcahey, the plaintiffs brought an action alleging state claims including negligence per se based on the alleged violation of federal, state and local environmental laws, which the defendant removed to federal court. Mulcahey, 29 F.3d at 149-50. The United States Court of Appeals for the Fourth Circuit reversed the district court's decision to retain jurisdiction over the case, because the plaintiffs' reference to federal environmental statutes in the state negligence claim did not support federal subject matter jurisdiction. Id. at 148-50, 154.

The Fourth Circuit observed that "the Plaintiffs could not proceed under [the federal statutes] because [they] failed to comply with the requirements of the statutes." Id. at 150 (internal quotation marks omitted). Mulcahey held that the "'presence of a claimed violation of the [federal] statute as an

---

[5] Wood repeats arguments related to predominance and the concept that his federal theories "supplement" his Complaint elsewhere in his brief. (See Docket Entry 10 at 5-7.)

element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction.'"  Id. at 153 (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 814 (1986)).  The Mulcahey Court also recognized that, "if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."  Id. at 153.  Therefore, Mulcahey also held that subject matter jurisdiction did not exist, because the plaintiffs' alternative federal theory was "not 'essential' to their negligence theory[.]"  Id. at 154 (emphasis in original).

In Dixon, the Fourth Circuit, discussing when a plaintiff's claim depends on a question of federal law, explained: "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of *§ 1331*."  Dixon, 369 F.3d at 816-17 (emphasis in original).

Neither Mulcahey nor Dixon support Plaintiff's request for attorney fees and costs.  The original sixth cause of action, titled "Violation of the Americans with Disabilities Act," required an interpretation of federal law in that it alleged a violation of the ADA.  (See Docket Entry 4, ¶¶ 74, 76.)  Even Wood has acknowledged that "the [ADA] claim stands alone . . . ."  (Docket

Entry 10 at 6.)[6]  The sixth cause of action did not reference state law and the ADA claim was not an alternative to a state theory of recovery.  (Docket Entry 4, ¶¶ 73-77.)  Moreover, Wood does not assert that the law precluded him from proceeding with the ADA claim.  (See Docket Entry 10 at 3-7.)  Thus, the Complaint's sixth cause of action arose under federal law.[7]

Wood also argues that "questions of state law predominate and lead the complaint . . . ."  (Docket Entry 10 at 4 (emphasis added).)  He appears to take the position that his state claims "predominate," because they are listed first in his Complaint.  (See Docket Entry 10 at 4 (citing Dixon, 369 F.3d at 819).)  That proposition does not appear in Dixon.  See Dixon, 369 F.3d at 816-19.  Nor has the Court identified any other authority to support Wood's "predomination" theory.

In sum, Wood's first and second arguments regarding the propriety of Defendants' removal have no merit.  His third argument, i.e., that, at the time of removal, the Court should have declined to exercise supplemental jurisdiction over this action

---

[6] Wood argues that, "if the Court accepts the amended complaint, there is no federal issue involving a violation of the [ADA] . . . ."  (Docket Entry 10 at 6.)  To the extent Wood contends that Defendants' removal was inappropriate in that his Amended Complaint eliminated the ADA claim, he cannot prevail, because such an argument fails to address whether Defendants, at the time of removal, had an "objectively reasonable basis for seeking removal[,]" Martin, 546 U.S. at 141.

[7] Because the sixth claim clearly arose under federal law, the Court does not address whether the third and fifth counts of the original Complaint raised federal questions.  (See Docket Entry 10, ¶¶ 59-62, 68-72.)

based on 28 U.S.C. § 1367, similarly lacks persuasive force. That statute states:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, <u>in any civil action of which the district courts have original jurisdiction</u>, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction <u>over a claim under subsection (a)</u> if—
>
> > (1) the claim raises <u>a novel or complex issue of State law</u>,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) <u>the district court has dismissed all claims over which it has original jurisdiction</u>, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). Because 28 U.S.C. § 1367(c) relates to "any civil action of which the district courts have original jurisdiction[,]" 28 U.S.C. § 1367(a), Wood's argument assumes that the Court had original jurisdiction over this action and thus that Defendants had a basis for removal.

### b. Amended Complaint

Wood's contention that, "if the Court accepts the amended complaint, [D]efendants lack federal subject matter jurisdiction for failure to meet 28 U.S.C. §§ 1331 or 1332[,]" (Docket Entry 10 at 7), also falls short of entitling him to attorney's fees. Wood's position in this regard does not address whether Defendants had an "objectively reasonable basis for seeking removal[,]" Martin, 546 U.S. at 141, because it examines their basis for removal in light of the Amended Complaint which Wood filed after Defendants removed the case.

### 3. Brief Conclusion

Defendants possessed an objectively reasonable basis for removal which precludes the reimbursement of attorney's fees and costs requested by Wood. Accordingly, the Court will deny Wood's motion to the extent it requests attorney's fees and costs.

## III. CONCLUSION

Wood's Amended Complaint (Docket Entry 12) does not state a federal cause of action and the Court therefore will exercise its discretion to remand this case to state court. However, given the ADA claim alleged in the original Complaint (Docket Entry 4), Defendants had an objectively reasonable basis to remove this case to federal court.

**IT IS THEREFORE ORDERED** that Wood's Motion to Remand to Durham County Superior Court (Docket Entry 8) be **GRANTED IN PART** in that this action is **REMANDED** to state court, and **DENIED IN PART** with respect to his request for attorney's fees and costs. The Court

stays this Order for 15 days because "[a] party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  If any party files an objection to this Order, the 15-day stay shall continue in effect until further order of the Court, but, if no objections are filed, at the end of the 15-day period, the Clerk shall send a certified copy of this Order to the Clerk of the General Court of Justice, District Court Division, for Durham County, North Carolina.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                          **United States Magistrate Judge**

February 23, 2011